■ In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property Required for LINCOLN SQUARE SLUM CLEARANCE PROJECT.— Motion for an enlargement of time granted and the time of all the parties who have taken appeals from the Fifth, Sixth, Seventh and Eighth Separate and Partial Final Decrees entered in this proceeding to perfect their appeals is enlarged insofar as to extend their time to file the combined record on appeal, up to and including August 1, 1961, together with their appellants' points and notice of argument for the October 1961 Term of this court, all of said appeals to be argued or submitted when reached on condition that the petitioner-appellant-respondent and petitioner-appellant, the City of New York, makes a motion before the Trial Justice to certify the record on appeal pursuant to section B15–25.0 of the Administrative Code of the City of New York on or before March 10, 1961. Respondents' points are to be served and filed on or before August 25, 1961. Reply points, if any, are to be served and filed on or before September 5, 1961. Counsel for the parties have informed the court that argument of this appeal will require approximately one week. Experience with the calendars of this court for the May, June and September Terms indicates that the prolonged period of time necessary to hear this appeal will not be available until the October 1961 Term. That branch of the motion which seeks an order of this court to require attorneys for the claimants to act on the record as prepared in galley form by the Corporation Counsel is denied. Section B15–25.0 of the Administrative Code of the City of New York provides a device by which a record on appeal in a condemnation proceeding can be settled in a truncated form before the Justice who conducted the proceeding. Motion by claimant-respondent, American Ice Company to dismiss the City of New York's appeal from the Seventh Separate and Partial Final Decree of the Supreme Court, New York County, entered on February 19, 1960, is granted unless the City of New York complies with the terms and conditions contained in the order of this court decided simultaneously herewith, and the condition set forth below. Since the date of acquisition the claimant has been required to borrow in excess of one million dollars in order to replace the productive capacity taken by the city some three years ago. As early as April of last year the claimant moved to require the city to prosecute this appeal promptly in order to minimize the losses incurred by the claimant and represented chiefly by the difference between the 4% interest which the city is required to pay condemnation awards and the current available interest rate of 6%. In order to conserve the time of the court and the litigants in this unusual and extensive condemnation appeal it was determined to require all the appeals from the Lincoln Square acquisition to be heard on a single record and

at one time. Because of the inability of the city to perfect this appeal for the February Term it is necessary as noted in the memorandum filed in connection herewith to defer these appeals until the October 1961 Term of this court. The additional burden of the delay can be mitigated as to this claimant by requiring the city to make a further advance payment of $450,000, subject to the city's right to restitution in the event the award as finally determined is less than the total advance payments and upon condition that claimant shall furnish a bond in that amount. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.